The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> SHAWN ANDRE TURNER, <br> Defendant. | No. CR18-211 JLR <br><br> **PROTECTIVE ORDER** |

This matter, having come to the Court's attention on the Agreed Motion for Protective Order Regarding Certain Discovery Items submitted by the United States of America and Defendant Shawn Andre Turner, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. Neither defense counsel nor a member of the defense team[1] may identify non-law enforcement witnesses whose names have been reduced to initials in discovery ("Protected Witnesses") to any other person—other than the defendant—who is not part of the defense team.[2] With respect to the defendant, defense counsel or a member of the

---

[1] As used herein, the "defense team" includes defense counsel Robert Flennaugh, as well as other attorneys, contract attorneys, interns, legal assistants, paralegals, investigators, experts, and other professionals who are working on the case and need to have access to discovery, whether they are employees or contractors.

[2] This restriction is not intended to prevent the defense team from investigating the non-law enforcement witnesses or the credibility of their statements. It is only intended to prevent the defense team from identifying those individuals to others as witnesses or as the sources of certain evidence.

*United States v. Turner* / CR18-211 JLR
Protective Order - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

defense team may not provide him with written identification of a Protected Witness, but may identify the Protected Witness orally.

2. At or before the time of production, the government will clearly designate in writing (including via email), any items of discovery subject to the terms of the protective order ("Protected Material"). That material will be limited to items which cannot be effectively redacted in order to protect the identity of a Protected Witness, such as a recording of that witness's voice.

3. Defense counsel and the defense team may not give Protected Material to the defendant, or to any other person who is not part of the defense team, without prior written permission of the government. The defense team may provide non-protected material to the defendant.

4. Defense counsel and/or a member of the defense team may review all items of discovery with the defendant. In particular, defense counsel and/or a member of the defense team may review any and all Protected Material with the defendant, including playing any recording for him. The defense team may not review such material with anyone else.

5. Defense counsel or a member of the defense team may create a transcript of any recording that is Protected Material, so long as (a) the identities of Protected Witnesses who participated in the recording are not identified in the transcript in any way, or in any other document provided to the defendant, or (b) no copy of the transcript is given to the defendant or to any other person who is not part of the defense team (although it may be shown to the defendant).

6. If defense counsel wishes to file any Protected Material with the Court, or to make reference to its contents or to any other material in a manner that would identify a Protected Witness, the filing must be sealed, absent prior written permission of the government to file an unsealed version.

7. Defense counsel agrees that the provisions of the protective order shall apply to all members of the defense team. Defense counsel agrees it is his responsibility

*United States v. Turner* / CR18-211 JLR
Protective Order - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970

to ensure that all members of the defense team understand the restrictions of the Protective Order and agree to abide by those restrictions.

8. In the event that current defense counsel is replaced by new defense counsel, defense counsel agrees not to turn over any discovery to new counsel without prior written permission of the government. The government will only grant permission when it is satisfied that new counsel has reviewed the terms of the Protective Order and agreed to them.

9. This agreement can only be modified by written agreement of the government and defense counsel, or by order of this Court.

DATED this 26th day of September, 2018.

JAMES L. ROBART
United States District Judge

*United States v. Turner* / CR18-211 JLR
Protective Order - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WA 98101
(206) 553-7970